IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETRA BOSCON,

    Plaintiff,

vs.   No. CV 04-936 JP/RLP

ELISHA T. POWELL, M.D.,

    Defendant,

### MEMORANDUM OPINION AND ORDER

On August 19, 2004 Defendant Elisha T. Powell, M.D. filed a Motion to Dismiss Plaintiff's Complaint for Failure to Comply with the New Mexico Medical Malpractice Act (Doc. No. 3). The Court has carefully considered the pleadings, the exhibits of record, the arguments of counsel, and the relevant case law. The motion will be denied.

Plaintiff Petra Boscon filed her current Complaint in state court on July 28, 2004 asserting claims of medical negligence against Defendant Powell. On August 19, 2004 Defendant Powell removed the case to this Court asserting diversity jurisdiction, and filed this motion to dismiss. The basis of the motion is the alleged running of the statute of limitations.

**Background.**

On February 1, 1998 Plaintiff lacerated a finger and was operated on by Dr. Powell at St. Vincent's Hospital in Santa Fe. At the time Dr. Powell was employed as a military surgeon, and was performing in a *locum tenens* capacity at St. Vincent's, a civilian facility.

Plaintiff initially filed a Complaint in state court on January 31, 2001. The New Mexico Medical Malpractice Act ("the Act"), NMSA 1978 §§ 41-5-1 *et seq.*, requires a plaintiff to

submit claims of medical negligence against "qualifying health providers" to the New Mexico Medical Review Commission ("the Commission"). § 41-5-15(A).[1] To be qualified under the Act, a health care provider generally must file proof of malpractice insurance coverage with the state superintendent of insurance. § 41-5-5(A). The Act contains a three-year statute of limitations, § 41-5-13, which is tolled either by filing a complaint in court or by submitting an application to the Commission. § 41-5-22; Rupp v. Hurley, 131 N.M. 646, 41 P.3d 914 (Ct. App. 2001). Under this statutory scheme, Plaintiff's initial Complaint, filed on January 31, 2001, was timely. Some 23 days later, on February 23, 2001, Plaintiff submitted her application to the Commission.

On May 17, 2001 the Insurance Division of the New Mexico Public Regulation Commission erroneously certified to the Medical Review Commission that Dr. Powell was not a qualified healthcare provider under the Act. Consequently, the Medical Review Commission did not act on Plaintiff's application; rather, on May 21, 2001, the Commission returned Plaintiff's application. Def. Ex. A, Aff. Rueckhaus 7/31/03 ¶¶ 10(g) and (h).[2]

On July 10, 2002 Plaintiff obtained a default judgment against Defendant in state court after Dr. Powell failed to appear. In May 2003 Defendant responded to collections efforts against him in Colorado by retaining counsel and requesting relief from the default judgment based on improper service of process.

In July 2003 the Medical Review Commission received informal notice from the Insurance Division via counsel for Defendant that Dr. Powell had been covered by insurance at the time of

---

[1] Section 41-5-15(A) provides: "No malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered."

[2] Michael M. Rueckhaus is the acting Director of the Commission. Id. § 6 at 1.

2

the alleged malpractice.  Def. Ex. A, ¶ 10(i) at 2.  Michael M. Rueckhaus' affidavit states:

> Should the Commission receive certification from the Insurance Division that Defendant was in fact qualified at the time of alleged injury it is our policy to reinstate the application as of date of original filing and to afford the patient a hearing pursuant to the Medical Malpractice Act.

Def. Ex. A, ¶ 10(j) at 2.

    On July 21, 2003 the state court entered an Order granting Defendant's Motion for Relief from Default Judgment, which was unopposed by Plaintiff.  Def. Ex. B.  On August 4, 2003 Defendant filed in state court a Motion to Dismiss for Failure to Comply With New Mexico Medical Malpractice Act's Procedural Requirements.  In connection with the motion, Dr. Powell demonstrated that he was a "qualifying healthcare provider" under the Act at the time he treated Plaintiff.  He sought dismissal of the initial Complaint without prejudice pending the Commission's review of the case.  The state court held a hearing on December 10, 2003 on Defendant Powell's motion to dismiss.  On January 13, 2004, the state court entered an Order of Dismissal Without Prejudice, dismissing the original Complaint.  The Order states:

> THE COURT FINDS that the parties have agreed to a dismissal of this action without prejudice, and that as part of that agreement, defendant Powell stipulates that a newly filed complaint, filed within the time prescribed by Section 41-5-22, will not be barred by the statute of limitations and will relate back to January 31, 2001, the date on which the original complaint was filed.

Def. Ex. C.  On March 24, 2004, some 71 days after this Order was entered, Plaintiff filed another application with the Medical Review Commission.  The Commission scheduled a "panel screening" for June 28, 2004.  Pl. Ex. A.  Thirty days later, on July 28, 2004, Plaintiff filed her current Complaint in state court.

3

**Discussion.**

Defendant argues that Plaintiff's current Complaint is beyond the three-year limitations period in § 41-5-13 of the Act. Defendant contends that Plaintiff only had one day to refile her application with the Commission after the dismissal of her initial Complaint because she had filed her initial Complaint with but one day remaining in the limitations period.

Plaintiff argues that Defendant waived his limitations defense, and has breached his agreement with Plaintiff by filing this motion to dismiss. Plaintiff contends she agreed to set aside the default judgment in return for Defendant's agreement not to raise the statute of limitations argument while Plaintiff pursued review before the Commission. She contends that she tried to determine whether her prior application to the Commission would still suffice or whether she would have to file a new application. Plaintiff also contends there was some delay in submitting her application because she was "unavailable to consult with her attorney for a number of days," Pl. Resp. ¶ 18 at 3.

The tolling provision of the Act provides:

> The running of the applicable limitation period in a malpractice claim shall be tolled upon submission of the case for the consideration of the [Medical Review Commission] panel and shall not commence to run again until thirty days after the panel's final decision is entered in the permanent files of the commission and a copy is served upon the claimant and his attorney by certified mail.

NMSA 1978, § 41-5-22 (1976).[3] The parties' agreement, memorialized in the state court's Order of Dismissal, refers to this section of the Act, with its 30-day window to file a complaint after the Commission has rendered its decision. Under this section, the three-year limitation period of

---

[3] If the Commission's final decision is served by mail, an additional three days for mailing is added to the tolling period. Rupp v. Hurley, 131 N.M. 646, 649 n.1, 41 P.3d 914, 649 (Ct. App. 2001).

4

§ 41-5-13 was tolled on February 23, 2001 when Plaintiff filed her first application with the Commission. The panel's final decision was rendered on or after June 28, 2004, the date when the panel hearing was scheduled. Plaintiff timely filed her current Complaint on July 28, 2004, within the 30-day window after the Commission's decision.

Plaintiff's filing of her second application with the Commission was the functional equivalent of a reinstatement, rather than a new filing, which related back to her original application. *See* Def. Ex. A, Aff. Rueckhaus 7/31/03 ¶ 10(j) at 2. Defendant has not claimed that the 71-day gap between dismissal of Plaintiff's initial Complaint and the filing of her second application prejudiced him in any way in defending against the malpractice claim. The 71-day delay was not unreasonable under the circumstances.

THEREFORE Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Comply with the New Mexico Medical Malpractice Act (Doc. No. 3) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE